COMMERCIAL CREDIT COMPANY, tercerista y apelante, *v.* HERMINIO SOTO CARDONA y J. CHÁRRIZ & Co., S. EN C., demandados y apelados.

No. 4292.—*Visto:* Noviembre 28, 1927. *Resuelto:* Junio 13, 1928.

*O. B. Frazer* y *R. Castro Fernández,* abogados de la apelante; *A. Reyes Delgado,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

J. Chárriz & Co. entabló demanda en una corte municipal contra Herminio Soto Cardona, y embargó un carro marca "Ford" como de la propiedad del demandado. La Commercial Credit Co. intervino alegando la propiedad del vehículo, y obtuvo sentencia contra J. Chárriz & Co. ordenando la cancelación de una fianza que había sido prestada anteriormente con el fin de obtener la posesión de la propiedad embargada, y concediéndole las costas a la tercerista.

Soto Cardona fué designado como demandado en la demanda radicada por la tercerista, y la declaración jurada sobre notificación por correo demuestra que copia de esa demanda fué depositada en la oficina postal dentro de un sobre franqueado y dirigido al dicho demandado original. Parece que los abogados de la tercerista admiten el hecho de que a él (Soto Cardona) se le hizo parte demandada y de que dejó de comparecer en el procedimiento de tercería.

J. Chárriz & Co. apeló de la sentencia dictada por el juez municipal y en la corte de distrito solicitó que se desestimase la acción por no tener jurisdicción la corte municipal. Por lo menos, la moción oral parece comenzar cual si fuera una moción de desestimación. Es algo confusa de principio a fin, y termina como si fuera una excepción previa por falta de jurisdicción *ab initio* de la corte municipal, y, por consiguiente, de la corte de distrito. De todos modos, pone en tela de juicio la autoridad de la corte de distrito para proceder a celebrar un juicio *de novo*. Aparece, además, que la cuestión fué sometida por medio de alegatos en la corte inferior, pero estos alegatos no están ante nos y la sentencia apelada no aclara grandemente la cuestión en controversia.

La sentencia dictada por la corte de distrito es al efecto de que la sentencia anterior de la corte municipal era nula y sin valor alguno, por carecer de jurisdicción.

J. Chárriz & Co. ahora solicita que desestimemos la apelación entablada por la Commercial Credit Co., debido a que

Soto Cardona, el demandado en la acción original, no fué notificado del escrito de apelación.

La apelante insiste en que Soto Cardona no es una parte contraria, y cita en apoyo de esta indicación el caso de *Bravo. v. Martínez Hermanos.* 31 D.P.R. 483.

El caso en que así se funda la apelante no es aplicable.

La sección 11 de la "Ley para proveer el procedimiento en los casos de tercería sobre bienes muebles e inmuebles," etc., aprobada el 14 de marzo de 1907 (Compilación de los Estatutos de 1911, sección 5270) dispone, entre otras cosas, que "serán siempre parte en el asunto las que lo fuesen en el que haya originado la tercería." La sección 14 de la misma ley ordena, entre otras cosas, y en orden inverso, que: "En todo caso, en que no se trate de abandono de acción por el demandante, o de rebeldía del demandado, el juez reservará su sentencia en la tercería hasta que haya recaído sentencia en el asunto que motivó la tercería," y, además que:

"En todos los casos en que el reclamante de una propiedad, bajo las disposiciones de esta ley, dejare de probar su derecho a ella, se dictará fallo en contra de él y de sus fiadores, por el valor de la propiedad, con interés legal sobre el mismo desde la fecha de la fianza.

"Cuando dicho valor fuere mayor que la cantidad reclamada en la orden en cuya virtud se procedió al embargo de la propiedad, la indemnización se computará sobre la cantidad reclamada en la orden.

. "Dicho fallo se dictará a favor del litigante victorioso en el asunto donde se decretó la orden de embargo, o cualquiera otra que haya motivado la tercería. . ."

La apelante, como ya hemos demostrado, no niega que Soto Cardona fuera en realidad una parte en el procedimiento de tercería, y, al oponerse a la moción para desestimar, explica que el escrito de apelación no le fué notificado a Soto Cardona porque él estaba en rebeldía.

Bajo las circunstancias, no podemos estar de acuerdo con el criterio de que Soto Cardona no era una parte contraria, dentro del significado de ese término según fué definido en

el caso de *Bravo* v. *Martínez Hermanos, supra,* y casos allí citados.

La apelante además indica que J. Chárriz & Co., al apelar a la corte de distrito de la sentencia dictada a favor de la tercerista por la corte municipal, igualmente dejó de notificarle tal escrito de apelación al demandado Soto Cardona. Con relación a este extremo, la apelante invoca la doctrina del caso de *Rivera* v. *O'Ferral,* 37 D.P.R. 167, al efecto de que el dejar de notificar el escrito de apelación a un demandado en rebeldía priva de jurisdicción al tribunal de apelación. En caso de que se desestime el presente recurso por falta de jurisdicción, se nos pide que declaremos que la corte de distrito también carecía de jurisdicción para dictar la sentencia apelada.

La solicitud de tal decisión necesariamente asume que este tribunal tiene la facultad de considerar y determinar la validez de la sentencia de la corte inferior, a pesar de que carecemos de jurisdicción para conocer de este recurso. Pero si esta corte tiene tal facultad, no obstante haber dejado la apelante de notificar a la parte contraria, entonces la corte de distrito no fué privada de su poder de determinar la validez de la sentencia dictada por la corte municipal, por el mero hecho de que igualmente se dejara de notificar el escrito de apelación a una parte contraria. Por otra parte, si la corte de distrito carecía de jurisdicción para determinar la validez de la sentencia dictada por la corte municipal (por haber dejado el apelante de notificar a la parte contraria), entonces, por la misma razón, esta corte igualmente carece de autoridad para discutir la validez de la sentencia dictada por la corte de distrito. Por tanto, no necesitamos, por ahora, especular sobre los méritos de cualquiera de estos casos hipotéticos envueltos en el dilema.

Asume la apelante, además, aunque sin tratar de demostrarlo, que Soto Cardona era una parte contraria tanto en la primera apelación como en la segunda. Como cuestión de

hecho, la posición ocupada por este demandado en el **presente** recurso es muy distinta a la situación en que fué colocado por la apelación a la corte de distrito. La primera apelación la hizo un co-demandado en el procedimiento de tercería. El caso presentado era análogo al de *Bravo* v. *Martínez Hermanos, supra.* En lo que respecta a los dos co-demandados en el procedimiento de tercería, al apelar uno de ellos de la sentencia dictada a favor de la tercerista, el otro no era una parte contraria, por las razones expuestas en el caso de *Bravo.* Sin embargo, aquí, al apelar la tercerista de una sentencia adversa dictada por la corte· de distrito, ambos demandados en el procedimiento de tercería eran partes contrarias a la tercerista, por el motivo indicado en el caso· de *Rivera* v. *O'Ferral, supra,* y las autoridades allí citadas.

*Debe desestimarse la apelación.*

El Juez Asociado Sr. Texidor no intervino.